ORIGINAL

# CIVIL RIGHTS COMPLAINT
## 42 U.S.C. §§ 1983, 1986

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

HILARY BEST,

                             Plaintiff,

           -against-

DAVID FRIEDMAN, THE LEGAL AID SOCIETY
(Criminal Defense Division),

                          Defendants.

-------------------------------------------------------------------x

**COMPLAINT**

# CV17-1211

**JURY DEMAND**

**I.**     **Previous Lawsuits:**

    None.

**II.**     **Parties:**

    A.  Name of plaintiff:  Hilary Best, *Pro Se*

    Address: 107-14 Queens Boulevard, #7
              Forest Hills, New York 11375

    B.

    Defendant No. 1:     David Friedman, Esq.
                          120-46 Queens Boulevard
                          Kew Gardens, NY 11415

    Defendant No. 2:     The Legal Aid Society
                          Criminal Defense Division
                          120-46 Queens Boulevard
                          Kew Gardens, NY 11415

RECEIVED
MAR 3 1 2017
PRO SE OFFICE

KUNTZ, J.

BLOOM, M.J.

    1.  Defendant, David Friedman, is being sued in his individual capacity as an attorney assigned to represent Plaintiff in a criminal proceeding, under color of state law,

in violation of Plaintiff's constitutional right to self-representation, and is being sued on his own behalf.

2.  Defendant, The Legal Aid Society, is being sued in its individual capacity as an agency contracted by the City of New York to provide legal representation to indigent defendants with legal representation in criminal proceedings, and, acting under color of state law, has a policy of allowing its attorneys to routinely accept cases in violation of a defendant's right to be represented by attorneys of their choice, including the right to self-representation, and is being sued on its own behalf.

## III.    Statement of Claim:

1.  This civil complaint seeks declaratory, compensatory and punitive damage judgments against the defendants for depriving Plaintiff of the right to self-representation in a criminal proceeding, and for allowing Plaintiff to be deprived of liberty without due process of law, under color of state law, in violation of the 6th, 13th and 14th Amendments to the United States Constitution, committed as follows:

a.  On March 27, 2014, upon being arraigned in the Queens County Criminal Court, under Docket No. 2014QN017544, Defendant Friedman allowed himself to be appointed as Plaintiff's defense counsel over Plaintiff's objections and the fundamental right to *pro se* representation, guaranteed by the 6th Amendment, as recognized and affirmed by the United States Supreme Court in ***Faretta v. California***, 422 U.S. 806 (1975), and New York Appellate Courts in ***People v. Price***, 262 N.Y. 410 (1933), and ***People v. Meurer***, 184 A.D.2d 1067 (1992) (see copy of Queens County Criminal Court transcript dated March 27, 2014, annexed hereto as **Exhibit "A"**).

b.  Defendant Friedman was under no obligation to accept appointment by the criminal court to be Plaintiff's counsel, and, as an officer of the court, was obligated to protect Plaintiff's right to not be deprived of liberty without due process of law by informing the criminal court of Petitioner's fundamental right to self-representation, and by declining to be appointed in violation of such right, especially since Plaintiff, prior to being arraigned,  informed Defendant Friedman of Plaintiff's desire to proceed *pro se*.

c.  It is believed that Defendant Friedman allowed himself to be appointed as Plaintiff's defense counsel as part of a profiteering enterprise that allows him and the agency for which he works, Defendant The Legal Aid Society, to be paid and/or reimbursed for legal services provided defendants whether or not the defendant represented can afford to retain legal representation of their own choosing, or is able to represent their self without the assistance of counsel.

d.  On March 31, 2014, Defendant Friedman appeared in criminal court on Plaintiff's behalf, which was Plaintiff's CPL §180.80 day (the day on which Plaintiff was required to be released from pretrial custody unless indicted), and, without Plaintiff's knowledge or permission, waived Plaintiff's presence in court, causing Plaintiff to be held unlawfully beyond the five days required for indictment or release without bail (see copy of criminal court transcript dated March 31, 2014, annexed hereto as **Exhibit "B"**).

e.  At Plaintiff's arraignment, after allowing himself to be appointed Plaintiff's counsel over Plaintiff's objection, Defendant Freidman allowed Plaintiff to be arraigned upon an unverified felony complaint (it bore no jurat pursuant to Penal Law 210.00[7] -- see copy of felony complaint affirmed March 26, 2014, annexed hereto as **Exhibit "C";**

*People ex rel. Siegal v. Dros*, 11 N.Y.2d 167 [1962]; *People ex rel. Schildhaus v. Dros*, 17 Misc.2d 398 [Sup. Ct. Bronx Co. 1959]; *Albrecht v. United States*; 273 U.S. 1 [1927]).

f. It is the policy of Defendant The Legal Aid Society to permit and encourage its legal staff to be appointed as counsel to criminal defendants without determining a defendant's ability to obtain counsel, or a defendant's desire to represent themselves, in order to generate revenue for its agency.

g. It is also the policy of Defendant The Legal Aid Society to permit and encourage its legal staff to ignore unverified criminal complaints, and to allow bail in misdemeanor cases to go unchallenged, and to allow defendant's to be indicted without a preliminary hearing or waiver thereof, in violation of CPL Article 180, in collaboration with New York City officials to generate income for the city derived from bail and pretrial detention. Article 180 of the CPL **mandates** a felony hearing in absence of a waiver relinquishing the same (a state-created right to a preliminary hearing, which can be forfeited only by waiver of the defendant, constitutes a liberty interest protected by the Due Process Clause -- see *Wolff v. McDonnell*, 418 U.S. 539 [1974]; furthermore, because a felony complaint subjects a defendant to a **massive curtailment of liberty**, in that a defendant may be remanded without bail and/or subjected to excessive bail, requires due process protection in the form of a preliminary hearing the same as that afforded to those subjected to commitment to a mental hospital (see *Humphrey v. Cady*, 405 U.S. 504, 509 [1972]; *Addington v. Texas*, 441 U.S. 418, 425 [1979]; *O'Connor v. Donaldson*, 422 U.S. 563, 580 [1975]).

h.   As a direct result of Defendants Friedman's and The Legal Aid Society's actions, Plaintiff was deprived of his right to *pro se* representation, and was subjected to involuntary servitude, in violation of Plaintiff's established rights under the 6th, 13th and 14th Amendments to the United States Constitution; and was deprived of liberty without due process of law, and denied equal protection under the law, in violation of the 14th Amendment, when Defendant allowed himself to be appointed Plaintiff's defense counsel, and took no action to prevent the deprivation of Plaintiff's rights, and waived Plaintiff's court appearance, causing Plaintiff to be held more than five (5) days without being indicted.

## IV.    Relief

Plaintiff requests:

1.    A declaratory judgment finding that Defendant Friedman was appointed Plaintiff's counsel in violation of Plaintiff's established right to pro se representation.

2.    A declaratory judgment finding that Defendant Friedman violated Plaintiff's rights by failing to protect Plaintiff's right to self representation, and by allowing Plaintiff to be arraigned upon an unverified felony complaint; and by waiving Plaintiff's court appearance and allowing Plaintiff to be held in custody more than five (5) days without being indicted.

3.    A monetary judgment awarding Plaintiff One Million ($1,000,000.00) Dollars in compensatory damages against each of the defendants, for the reasons hereinabove stated.

4.   A monetary judgment awarding Plaintiff Five Million ($5,000,000.00) Dollars in punitive damages against each of the defendants, for the reasons hereinabove stated.

5.   Such other and further relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Executed on this 31st day of March 2017.

MR. HILARY BEST, Plaintiff
107-14 Queens Boulevard
Forest Hills, New York 11375
Phone: (718) 807-4205

Sworn to before me this 31st

day of March , 2017

Notary Public

ANNETTE M. HAMILTON
Notary Public, State of New York
No. 01HA4892370
Qualified in Queens County
Commission Expires July 31, 2017

# EXHIBIT A

CRIMINAL COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS:  AR-1

------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK    :  Docket Number
                                          2014QN017544

          -against-                    :

 HILLARY BEST,                         :  Arraignment

                      Defendant.       :
------------------------------------X

                            125-01 Queens Boulevard
                            Kew Gardens, New York
                            March 27, 2014


B E F O R E :

              HONORABLE MICHELLE ARMSTRONG,

                                  Presiding Judge


A P P E A R A N C E S :

              FOR THE PEOPLE:
              RICHARD BROWN, ESQ.
              District Attorney - Queens County
              BY:  MARC ARMAS, ESQ.
              Assistant District Attorney


              FOR THE DEFENDANT:
              DAVID FRIEDMAN, ESQ.
              THE LEGAL AID SOCIETY
              (Criminal Defense Division)

              BY:  ANTHONY MARTONE, ESQ.
                   Queens Law Associates

                            CHERYL D. PERRY
                            OFFICIAL COURT REPORTER

PROCEEDINGS                          2

1          COURT OFFICER:  Docket ending 544, Hillary Best.

2    Defendant charged with Penal Law 120.00(3) and other docketed

3    charges.

4          THE DEFENDANT:  Good morning, your Honor.

5          THE COURT:  Good morning.

6          THE DEFENDANT:  God said, Let there be light.  Your

7    Honor, this attorney --

8          THE COURT:  One second.  We will have somebody stand

9    beside you in a moment.

10         MR. MARTONE:  On behalf of Mr. Best, standing in for

11   Legal Aid, David Friedman, Anthony Martone.

12         MR. ARMAS:  Your Honor, the People are serving

13   Vienna Convention, 240.30 notice, 250.20 notice, and 190.50

14   notice of the District Attorney's intention to present this

15   matter to the grand jury on March 28, 2014.  The --

16         THE DEFENDANT:  Your Honor, I am presently not

17   represented by counsel.

18         MR. ARMAS:  -- District Attorney's waiver and plea

19   policy.

20         THE COURT:  What was the last thing?

21         MR. ARMAS:  District Attorney's waiver and plea

22   policy.

23         THE COURT:  One minute.  Let them say what they have

24   to say.

25         MR. ARMAS:  In light of the fact most of the

PROCEEDINGS                           3

1    defendant's priors involved --

2              THE DEFENDANT:  Objection.

3              THE COURT:  One second.  We have to state a record.

4              MR. ARMAS:  In light of the fact that most of the

5    defendant's priors involve crimes of violence and he is a

6    registered sex offender, he has bench warranted on each of his

7    last four cases, on five of his last six cases, he has an open

8    AP-1 matter on 4/16, in this particular incident he is alleged

9    to have interfered with a court record, obstructed a court

10   proceeding and injured a court officer, People are asking for

11   $30,000 bail.

12             MR. MARTONE: I spoke to him in the back.  He does

13   not wish for me to represent him.  He has no other counsel.

14   I am doing this for arraignment purpose.  I am doing -- I

15   believe Legal Aid represents him on an open case, David

16   Friedman.  I ask you set a more reasonable bail.

17             THE DEFENDANT:  Objection, your Honor.

18             THE COURT:  I will let you speak.

19             MR. MARTONE:  There is one felony charge here.  Upon

20   information and belief he did not intentionally cause any

21   injury to anyone.  Also he was not aware of any court

22   order of a judge telling him not to leave I am informed.  He

23   is not recommended for release.  I realize he has prior

24   warrants.  If you look at his warrant history, he comes back

25   the very next day or a couple of days thereafter voluntarily.

PROCEEDINGS                          4

1    I ask you set a more reasonable bail.  I discussed the waiver

2    with him.  He does not want to sign it.  He is aware the

3    People intend to indict him on the felony assault.  The only

4    offer would be a plea to the top charge of felony assault.

5    Being he is a predicate, there would be mandatory state time.

6              THE COURT:  That would make the 180.80 date 3/30 at

7    4:40 p.m., correct?

8              MR. MARTONE:  Yes.

9              THE COURT:  Are you serving cross on this?

10             MR. MARTONE:  Cross 190.50, yes.

11             MR. ARMAS:  Acknowledge receipt.

12             THE COURT:  Sir, your attorney says you don't want

13   him to represent you at this time.

14             THE DEFENDANT:  He is not my attorney, your Honor.

15             THE COURT:  I understand that.

16             THE DEFENDANT:  I would like to state for the record

17   I have been held incommunicado for 18 hours since I have been

18   brought to the Central Booking, your Honor.  Depriving me of

19   the opportunity as the lawful right 180.10 to seek, obtain

20   representation on my own behalf.  It was only just until

21   recently I was allowed a phone call.  I haven't had sufficient

22   time.  They have 72 hours to arraign me.  I request I get my

23   right to obtain private legal representation in this matter.

24             THE COURT:  We will put this matter into AP-6 for

25   March 30.

PROCEEDINGS                                    5

1    THE DEFENDANT:  Just a second, your Honor.
2    Something else I need to know.  First of all, this is a
3    retaliatory arrest.
4              THE COURT:  Wait.  You can't put anything about what
5    happened on the record.  I won't allow you to.  It will not
6    help you.  Anything that -- I don't want to know about what
7    happened.
8              THE DEFENDANT:  It is in regard to --
9              THE COURT:  I heard you.  You have to hear me.  We
10   will put this matter on for March 30 for grand jury action.
11   You will have --
12             MR. MARTONE:  The 31st, right?
13             THE COURT:  March 31 for grand jury action.  You
14   will have your opportunity to speak before the grand jury
15   about these charges and tell them whatever you want to tell
16   them.
17             THE DEFENDANT:  As a matter of law, you have to have
18   a valid felony complaint.  All right, that complaint is not
19   valid.  First of all, the felony charge of assault is not
20   supported by the facts of the complaint.
21             THE COURT:  I disagree with you.  Hold on.  There is
22   an order of protection in favor of Court Officer Rosillo
23   (phonetic spelling).  It requires you stay away from this
24   person completely.  The matter will be adjourned to the grand
25   jury March 31.  Is there a 730 issue here?

PROCEEDINGS                          6

1        THE DEFENDANT:  No, there is not a 730 issue.  I am

2   very competent and actually wish to represent myself at this

3   arraignment.  I do not wish to be represented by counsel.  I

4   have a command of the law, and I would like to state the

5   reasons I am saying the felony charge is not supported by the

6   facts.  In order for there to be an assault two, there must be

7   an intention to cause physical injury, and there must be an

8   injury.  There are no facts stating either of those material

9   elements.  Therefore, I move to dismiss the assault charge at

10  this time.

11       THE COURT:  Okay.

12       THE DEFENDANT:  And the court lacks jurisdiction to

13  proceed on that count.  In regard to the other allegations

14  you heard from the district attorney, I am bringing to your

15  attention I have documents in my pocket I was able to obtain

16  through this counsel that show I have a pending Article 78

17  proceeding against Judge Hart alleging impropriety and

18  violation of judiciary law.

19       THE COURT:  That is separate from arraignments.

20       THE DEFENDANT:  It is -- The reason he had me

21  arrested was because --

22       THE COURT: You are going into the facts again.

23  That is a matter for the grand jury in this state to decide.

24  You are charged with a felony.

25       THE DEFENDANT:  You can release me.

PROCEEDINGS                          7

1      THE COURT:  Your argument regarding the assault
2   charge is valid, and so to that I respond and I reviewed the
3   complaint and I do find that there is sufficient information
4   to charge you.  The felony complaint is valid.  The grand jury
5   will determine the --
6      THE DEFENDANT:  I have read it.  I have a copy.
7   Where does it say injury?
8      THE COURT:  We have to talk one at a time or this
9   will be over really quick.
10      THE DEFENDANT:  Okay, your Honor.
11      THE COURT:  Based on my reading of your rap sheet I
12   am not permitting you to represent yourself today pro se.  You
13   have two prior arrests, two prior cases that were dismissed
14   due to incapacity.
15      THE DEFENDANT:  I have a lawsuit regarding that.
16      THE COURT:  One at a time.  So based
17   on that I am not permitting you to represent yourself pro se.
18   If you are examined by a doctor and they say you can
19   proceed --
20      THE DEFENDANT:  I don't need to be examined by a
21   doctor.
22      THE COURT:  That is the court's ruling today.  The
23   matter is going to be adjourned to March 31, AP-6.  Bail is
24   set at $30,000 bond over $30,000 cash with the order of
25   protection.

PROCEEDINGS                        8

1               THE DEFENDANT:  You are saying you are referring me

2    for a 730 exam?

3               THE COURT:  No, I will leave that up to Mr. Martone.

4               THE DEFENDANT:  He doesn't represent me.  How can

5    you leave it up to him?

6               THE COURT:  I am denying you the opportunity to

7    represent yourself pro se.

8               THE DEFENDANT:  I am requesting additional time to

9    obtain legal representation.

10              THE COURT:  You have all your rights in jail.  Use

11   the phone.  Thank you.

12              THE DEFENDANT:  I can't use the phone.  They are

13   depriving me access and use of the phone for 18 hours.  That

14   is what I told you.

15                  *              *              *

16        CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT OF THE

17        MINUTES OF THE ABOVE PROCEEDINGS.

18

19        _____

20        CHERYL D. PERRY

21        OFFICIAL COURT REPORTER

22

23

24

25

# EXHIBIT B

```
 1   CRIMINAL COURT OF THE CITY OF NEW YORK

 2   COUNTY OF QUEENS:             PART AP6
     ------------------------------------X
 3   THE PEOPLE OF THE STATE OF NEW YORK,    :
                                                 DOCKET NO.
 4              -against-
                                          :  2014QN017544
 5   HILLARY BEST,
                                          :
 6                    Defendant.
     ------------------------------------X CALENDAR CALL
 7
                         125-01 Queens Boulevard
 8                       Kew Gardens, New York 11415

 9                       March 31, 2014

10

11   B E F O R E:

12        THE HONORABLE DOROTHY CHIN-BRANDT,
                                              Judge.
13

14

15   A P P E A R A N C E S:

16        OFFICE OF RICHARD A. BROWN
          DISTRICT ATTORNEY - QUEENS COUNTY
17        BY:  LESLIE MCCARRON, Esq.
          Assistant District Attorney
18

19

20        THE LEGAL AID SOCIETY
          Attorneys for Defendant
             120-46 Queens Boulevard
21           Kew Gardens, New York 11415
          BY:  DAVID FRIEDMAN, Esq.
22

23
                         GINA NEVIN
24              OFFICIAL COURT REPORTER

25
```

1                    COURT OFFICER:   Number 106, Hillary Best.

2        Defendant's incarcerated.   Counsel, waive your client's

3        appearance?

4                    MR. FRIEDMAN:   Yes.   My application is we didn't

5        represent him -- there is a conflict.   He has threatened to

6        sue Legal Aid.   He also had Legal Aid in Brooklyn who is

7        relieved so I would ask to be relieved.

8                    THE COURT:   I will assign 18B.   18B to be

9        assigned.

10                   MR. FRIEDMAN:   We are asking for tomorrow then

11       because it had been 180.80 today and the ADA, I understand,

12       has begun presenting the case.

13                   THE COURT:   4/1 for 18B to be assigned.

14                   MS. MCCARRON:   This is grand jury and 180.80 close

15       of business tomorrow to see if he wants to testify.   Thank

16       you.

17                   THE COURT:   Put it on for tomorrow.

18                   MR. FRIEDMAN:   Thank you.

19                           *     *     *     *

20

21        C   E   R   T   I   F   I   C   A   T   I   O   N

22             It is hereby certified that the foregoing is
               a true and accurate transcript of the
23             proceedings.

24

25                      _____
                             GINA NEVIN
                        Official Court Reporter

# EXHIBIT C



APPI579454970855

Q14618769

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF



STATE OF NEW YORK
COUNTY OF QUEENS

V.

HILLARY BEST (60Y)

I

COURT OFFICER SHAWN WILLIAMS OF NEW YORK STATE COURTS, SHIELD #:
7052, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT MARCH 25
2014  AT ABOUT 3:30PM, INSIDE OF 88-11 SUTPHIN BOULEVARD   (QUEENS
SUPREME CIVIL COURTHOUSE ), COUNTY OF QUEENS, STATE OF NEW YORK, THE
DEFENDANT COMMITTED THE OFFENSES OF:

PL 120.05-3 (EFF. 1-27-2014) [DF] ASSAULT IN THE SECOND DEGREE  - (DNA
    SAMPLE REQUIRED UPON CONVICTION)
PL 120.00-1 [AM] ASSAULT IN THE THIRD DEGREE - (DNA SAMPLE REQUIRED
    UPON CONVICTION)
PL 195.05 [AM] OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND
    DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION) (2 COUNTS)
PL 205.30 [AM] RESISTING ARREST - (DNA SAMPLE REQUIRED UPON
    CONVICTION)
PL 215.50-1 [AM] CRIMINAL CONTEMPT IN THE SECOND DEGREE - (DNA SAMPLE
    REQUIRED UPON CONVICTION)
PL 215.50-2 [AM] CRIMINAL CONTEMPT IN THE SECOND DEGREE - (DNA SAMPLE
    REQUIRED UPON CONVICTION)
PL 215.50-3 [AM] CRIMINAL CONTEMPT IN THE SECOND DEGREE - (DNA SAMPLE
    REQUIRED UPON CONVICTION)

PL 120.05-3 (EFF. 1-27-2014) [DF] ASSAULT IN THE SECOND DEGREE  - (DNA
SAMPLE REQUIRED UPON CONVICTION)
    --- WITH INTENT TO PREVENT A PEACE OFFICER, A POLICE OFFICER,
    PROSECUTOR AS DEFINED IN SUBDIVISION THIRTY-ONE OF SECTION 1.20
    OF THE CRIMINAL PROCEDURE LAW, REGISTERED NURSE, LICENSED
    PRACTICAL NURSE, SANITATION ENFORCEMENT AGENT, NEW YORK CITY
    SANITATION WORKER, A FIREFIGHTER, INCLUDING A FIREFIGHTER ACTING
    AS A PARAMEDIC OR EMERGENCY MEDICAL TECHNICIAN ADMINISTERING
    FIRST AID IN THE COURSE OF PERFORMANCE OF DUTY AS SUCH
    FIREFIGHTER, AN EMERGENCY MEDICAL SERVICE PARAMEDIC OR EMERGENCY
    MEDICAL SERVICE TECHNICIAN, OR MEDICAL OR RELATED PERSONNEL IN A
    HOSPITAL EMERGENCY DEPARTMENT, A CITY MARSHAL, A TRAFFIC
    ENFORCEMENT OFFICER OR TRAFFIC ENFORCEMENT AGENT, FROM PERFORMING
    A LAWFUL DUTY, BY MEANS INCLUDING RELEASING OR FAILING TO CONTROL
    AN ANIMAL UNDER CIRCUMSTANCES EVINCING THE ACTOR'S INTENT THAT
    THE ANIMAL OBSTRUCT THE LAWFUL ACTIVITY OF SUCH PEACE OFFICER,
    POLICE OFFICER, PROSECUTOR AS DEFINED IN SUBDIVISION THIRTY-ONE

03/26/2014  3:14PM (GMT-04:00)

BEST,HILLARY  Q14618769

OF SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW, REGISTERED NURSE,
LICENSED PRACTICAL NURSE, SANITATION ENFORCEMENT AGENCY, NEW YORK
CITY SANITATION WORKER, FIREFIGHTER, PARAMEDIC, TECHNICIAN, CITY
MARSAL, TRAFFIC ENFORCEMENT OFFICER OR TRAFFIC ENFORCEMENT AGENT,
CAUSED PHYSICAL INJURY TO SUCH PEACE OFFICER, POLICE OFFICER,
PROSECUTOR AS DEFINED IN SUBDIVISION THIRTY-ONE OF SECTION 1.20
OF THE CRIMINAL PROCEDURE LAW, REGISTERED NURSE, LICENSED
PRACTICAL NURSE, SANITATION ENFORCEMENT AGENT, NEW YORK CITY
SANITATION WORKER, FIREFIGHTER, PARAMEDIC, TECHNICIAN OR MEDICAL
OR RELATED PERSONNEL IN A HOSPITAL EMERGENCY DEPARTMENT, CITY
MARSHAL, TRAFFIC ENFORCEMENT OFFICER OR TRAFFIC ENFORCEMENT
AGENT;

PL 120.00-1 [AM] ASSAULT IN THE THIRD DEGREE - (DNA SAMPLE REQUIRED
UPON CONVICTION)
       --- WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE
       SUCH INJURY TO SUCH PERSON OR A THIRD PERSON;

PL 195.05 [AM] OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND
DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION) (2 COUNTS)
       --- A PERSON IS GUILTY OF OBSTRUCTING GOVERNMENTAL ADMINISTRATION
       WHEN HE INTENTIONALLY OBSTRUCTS, IMPAIRS, OR PERVERTS THE
       ADMINISTRATION OF LAW OR OTHER GOVERNMENTAL FUNCTION OR PREVENTS
       OR ATTEMPTS TO PREVENT A PUBLIC SERVENT FROM PERFORMING AN
       OFFICIAL FUNCTION, BY MEANS OF INTIMIDATION, PHYSICAL FORCE OR
       INTERFERENCE, OR BY MEANS OF ANY INDEPENDENTLY UNLAWFUL ACT, OR
       BY MEANS OF INTERFERING, WHETHER OR NOT PHYSICAL FORCE IS
       INVOLVED, WITH RADIO, TELEPHONE, TELEVISION OR OTHER
       TELECOMMUNICATIONS SYSTEMS OWNED OR OPERATED BY THE STATE, OR A
       COUNTY, CITY, TOWN, VILLAGE, FIRE DISTRICT OR EMERGENCY MEDICAL
       SERVICE OR BY MEANS OF RELEASING A DANGEROUS ANIMAL UNDER
       CIRCUMSTANCES EVINCING THE ACTOR'S INTENT THAT THE ANIMAL
       OBSTRUCT GOVERNMENTAL ADMINISTRATION.;

PL 205.30 [AM] RESISTING ARREST - (DNA SAMPLE REQUIRED UPON CONVICTION)
       --- INTENTIONALLY PREVENT OR ATTEMPT TO PREVENT A POLICE OFFICER
       OR A PEACE OFFICER FROM EFFECTING AN AUTHORIZED ARREST OF HIMSELF
       OR ANOTHER PERSON;

PL 215.50-1 [AM] CRIMINAL CONTEMPT IN THE SECOND DEGREE - (DNA SAMPLE
REQUIRED UPON CONVICTION)
       --- BEHAVE IN A DISORDERLY, CONTEMPTUOUS OR INSOLENT MANNER,
       DURING THE SITTING OF A COURT, IN ITS IMMEDIATE VIEW AND PRESENCE
       AND DIRECTLY TENDING TO INTERRUPT ITS PROCEEDINGS OR TO IMPAIR
       THE RESPECT DUE ITS AUTHORITY;

PL 215.50-2 [AM] CRIMINAL CONTEMPT IN THE SECOND DEGREE - (DNA SAMPLE
REQUIRED UPON CONVICTION)
       --- BREACH THE PEACE, OR CAUSE A NOISE OR OTHER DISTURBANCE, TO
       DIRECTLY INTERRUPT A COURT'S PROCEEDINGS;

PL 215.50-3 [AM] CRIMINAL CONTEMPT IN THE SECOND DEGREE - (DNA SAMPLE
REQUIRED UPON CONVICTION)
       --- INTENTIONALLY DISOBEY OR RESIST A LAWFUL PROCESS OR OTHER



AFFR\[\]$294541570$35

BEST,HILLARY  Q14618769

    MANDATE OF A COURT AND SUCH CASE DID NOT INVOLVE OR GROW OUT OF A
LABOR DISPUTE AS DEFINED BY SUBDIVISION TWO OF SECTION SEVEN
HUNDRED FIFTY-THREE OF THE JUDICIARY LAW.


THE ABOVE OFFENSES WERE COMMITTED AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE HONORABLE JUDGE HART THAT
ON THE ABOVE MENTIONED DATE, TIME AND PLACE OF OCCURRENCE, HE WAS
PRESIDING OVER A PROCEEDING WHEN THE DEFENDANT, HILLARY BEST, ENTERED
THE COURTROOM, THREW PAPERS INTO THE WELL AREA YELLED, IN SUM AND
SUBSTANCE, YOU HAVE BEEN SERVED, AND LEFT THE COURTROOM AFTER BEING
INSTRUCTED BY HONORABLE JUDGE HART TO REMAIN.

DEPONENT STATES THAT HE OBSERVED THE DEFENDANT NEAR THE EXIT OF THE
COURTHOUSE AND WAS PRESENT AND OVERHEARD COURT OFFICERS RUSILLO,
SHIELD NUMBER 3672, AND COURT OFFICER WEISS, SHIELD NUMBER 3245, WHO
WERE BOTH IN FULL UNIFORM, REPEATEDLY INFORM THE DEFENDANT NOT TO
LEAVE THE COURTHOUSE.

DEPONENT FURTHER STATES THAT HE OBSERVED THE DEFENDANT FAIL TO COMPLY
WITH SAID COURT OFFICERS REQUEST NOT TO LEAVE THE COURTHOUSE, AND
CONTINUE TO WALK TOWARDS THE EXIT AND YELL.

DEPONENT FURTHER STATES THAT THE DEFENDANT EXITED THE COURTHOUSE AND
AS THE DEPONENT AND COURT OFFICERS RUSILLO AND WEISS WERE ATTEMPTING
TO DETAIN THE DEFENDANT, THE DEFENDANT PUSHED THE DEPONENT AND COURT
OFFICERS RUSILLO AND WEISS.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY COURT OFFICER RUSILLO
THAT THE DEFENDANT PUSHED HER AGAINST A PILLAR.

DEPONENT FURTHER STATES THAT WHEN HE WAS ATTEMPTING TO PLACE HANDCUFFS
ON THE DEFENDANT, THE DEFENDANT FLAILED HIS ARMS, TWISTED HIS BODY,
PUSHED THE DEPONENT AND OTHER COURT OFFICERS IN AN ATTEMPT TO AVOID
BEING HANDCUFFED AND PLACED UNDER ARREST.

DEPONENT FURTHER STATES THAT ON MARCH 26, 2014, AT APPROXIMATELY 12:00
A.M., AT THE 103 POLICE PRECINCT, QUEENS COUNTY THE DEFENDANT REFUSED TO
COMPLY WITH THE DEPONENTS AND OTHER UNIFORMED POLICE OFFICERS ORDERS
TO LEAVE THE CELL AREA TO BE TRANSPORTED TO QUEENS CENTRAL BOOKING.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY COURT OFFICER RUSILLO
THAT THE ABOVE ACTIONS OF THE DEFENDANT CAUSED HER SUBSTANTIAL PAIN
AND THAT SHE WAS TREATED AT A LOCAL AREA HOSPITAL.

03/26/2014  3:14PM (GMT-04:00)

AFFb5794545570855

DEST,HILLARY   Q3463.8765

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

3,26,14
DATE        SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF

DATE        SIGNATURE

03/26/2014  3:14PM (GMT-04:00)